Porter, J.
The plaintiff avers, that he is the owner and possessor of a certain lot or parcel of ground, situated in the fauxbourg, St. Mary, which he holds under title regularly deduced from John Gravier.
That, in virtue of this purchase, he has a right to various servitudes on a piece of ground, called the batture, lying in front of said fauxbourg. He also asserts a right to the use of it in common with the other citizens of New-Orleans; and alleges various reasons *728 why the prayer of his petition should be granted, which it is unnecessary to set forth at length.
East’n District.
May, 1821.
He complains, that notwithstanding these rights, the defendants unjustly sets up a claim to the exclusive enjoyment of the said property; that they wrongfully assert they are the owners of it; and that they have tortiously and illegally entered into possession of the premises, and have erected, or are about to erect, houses and buildings thereon, and do other acts wholly destructive of the rights which the petitioner has in and to this property. And he concludes, by praying reimbursement of his damages; the removal of the persons who may have taken possession; that the buildings already erected thereon, may be abated; and a perpetual injunction against the defendants, and all others, from occupying, or in any wise converting said property to private purposes.
The defendants meet this demand, by pleading the judgment, in the case of John Gravier, against the mayor, aldermen, and inhabitants of New-Orleans, as res judicata on the matters and things now sued for.
By an agreement between the parties, the *729 facts, as stated in the petition, are to be taken as true for the decision of this question.
As the plea now presented goes to the whole claim, as set up. it should apply to and embrace all the rights by which the plaintiff asserts his claim, otherwise it must be overruled.
The authority of the thing judged, says our Code, 314, art 252, takes place only with regard to what has formed the object of the judgment; the thing demanded must be the same; the demand must be founded on the same cause; the demand be between the same parties; by them and against them in the same quality.
I have examined very carefully the record submitted, of the suit of Gravier, against the mayor, aldermen, and inhabitants of New-Orleans. The defence set up by the defendant was
1. That Jean Gravier was not the owner.
2. That he never had possession of the batture.
3. That Bert.Gravier had abandoned this property to public purposes,and that the public had enjoyed it from the date of the abandonment up to the time of commencing suit.
*730 In the present action, the plaintiff sets up a claim, founded on a different title from any here claimed, namely, by purchase from Gravier, who was plaintiff and obtained judgment in that case. The demand therefore is not founded on the same cause; and consequently I do not think the plea of res judicata sustained.
The briefs presented have been read with the utmost attention, and the authorities quoted looked into. But I cannot discover in them any thing in opposition to the above principle, contained in our Code, and which, I think, consistent with justice.
I am therefore of opinion, that the judgment of the district court, sustaining the plea, in this case, be over-ruled, and that this cause be remanded, with directions to the judge to proceed to the trial of the cause on its merits.
Mathews, J.
The only question now to be decided on, in this case, is whether the judgment given, in the superior court of the late territory of Orleans,forms rem judicatem to the full extent of the rights, claims and causes of action, as set forth in the plaintiff’s petition? The three principal requisites necessary to *731 give a judgment the effect of barring a subsequent suit, as that the parties should be the same; that the thing sued for should be the same; and that the demand should be founded on the same cause of action; which must all concur.
Without deciding any thing in relation to the character of the parties in this suit, I concur in the opinion just pronounced by the junior judge of the court, that it does not appear clearly from the pleadings in the case, that the plaintiff demands the same things for the same causes, which were settled by the judgment on which the defendants rely.
If it should appear, on the final hearing of the cause, that any part of the rights and servitudes, claimed by him, have been finally adjudicated in the case of J.Gravier vs the corporation, they will, of course, be considered as settled, without prejudice to a legal investigation of such new claims as may appear to be founded, super alium corpus vel aliam causam petendi.
It is, therefore, ordered, adjudged, and decreed, that the judgment of the district court be annulled, avoided, and reversed; and that *732 the cause be remanded, with directions to the judge to proceed to the trial on the merits.
Hawkins for the plaintiff. Workman for the defendants.*